Billy Ray NEWBY, Appellant,

v.

COMMONWEALTH of Kentucky, ex rel. Chris GORMAN, Attorney General, Appellee.

No. 95–SC–46–DG.

Supreme Court of Kentucky.

Dec. 21, 1995.

Clarence A. Woodall, III, Cadiz, for appellant.

Chris Gorman, Attorney General, D. Brent Irvin, Assistant Attorney General, Frankfort, for appellee.

STEPHENS, Chief Justice.

Attorney General Gorman instituted an ouster action against Billy Ray Newby pursuant to KRS 160.180(2)(i), an anti-nepotism statute. The Caldwell Circuit Court dismissed the action. The Commonwealth appealed to the Court of Appeals which reversed the circuit court. This Court granted discretionary review to settle a question of statutory construction concerning exceptions to the rule in KRS 160.180(2)(i).

Newby has served on the Caldwell County Board of Education continuously since January of 1973. In February of 1987, Lisa Morrow became a substitute teacher in the Caldwell County school system. She was hired as a regular classroom teacher in August of 1987 and has been continuously employed up through the present time. In November of 1987, Lisa Morrow married Newby's son. The Kentucky Education Reform Act [KERA] took effect in 1990, which included the above mentioned statute. Newby ran and was re-elected to his seat in 1992. The ouster proceeding alleged that Newby was ineligible for re-election pursuant to KRS 160.180(2)(i), which states:

No person shall be eligible to membership on a board of education:

(i) Who has a relative as defined in subsection (1) of this section employed by the school district and is elected after July 13, 1990. However, this shall not apply to a board member holding office on July 13, 1990, whose relative was not initially hired by the district during the tenure of the board member.

The KRS 160.180(1) definition of "relative" expressly includes "daughter-in-law."

The circuit court's dismissal was based upon the conclusion that the statute contained a "latent ambiguity" because this specific situation was not covered by the statute. The trial court then utilized rules of statutory construction and analyzed the legislative intent to conclude that "time of hiring" was the pivotal time period for determination of who was a "relative". Since Lisa Morrow was not related to Newby at the time she was hired, his ouster would not further the elimination of nepotism. Therefore, according to the circuit court, Newby's eligibility was affected by the grandfather clause, in KRS 160.180(2)(i), in that his "relative" was not *hired* during Newby's tenure on the school board.

The Court of Appeals did not agree as they found the language of the statute to be "fairly clear". Without finding an ambiguity in the statute, the Court of Appeals was unable to expand the grandfather clause exception to include Newby. Therefore, the ouster proceeding was appropriate as Newby was ineligible to run for election in 1992. We agree with the conclusion reached by the Court of Appeals.

■ In 1992, this Court determined, inter alia, that KRS 160.180(2)(i) was a constitutional exercise of power by the General Assembly. *Chapman v. Gorman,* Ky., 839 S.W.2d 232 (1992). We find *Chapman* to be dispositive on the issue of exceptions found in KRS 160.180(2)(i). In *Chapman,* we determined that the overall intent of the anti-nepotism statutes was to "expunge the deleterious effects of nepotism from the common schools." *Id.* at 235. We further noted that:

KRS 160.180(2)(i) incorporates two exceptions in its disqualification restriction, ...:

1) The statute applies only to person elected after July 13, 1990, and

2) The statute contains a grandfather clause, permitting persons holding office on July 13, 1990, whose relative was not initially hired during the board member's tenure, to serve additional terms.

*Id.* at 236. The date which triggers the exception is July 13, 1990. If the relationship with the employee exists at *that time*

and if the employee had been initially hired during the tenure of the candidate, the candidate does not receive the benefit of the exception. Newby was elected to his present term after July 13, 1990 but his relative *was hired* during his term in office. Although Lisa Morrow was not a relative when initially hired, she has been periodically re-hired, pursuant to statute, every year for at least four (4) years during Newby's tenure.[1] These facts take Newby out of the exceptions outlined in KRS 160.180(2)(i). Moreover, KRS 160.380(f) prohibits the superintendent from hiring a school board member's relative. Because Lisa Morrow had not achieved "continuing service status" by July 13, 1990, she could not be legally re-hired while Newby remained a school board member.

■ Newby urges this Court to carve another exception from the statute which would allow him to remain eligible for office. This we cannot do as the language of the statute is clear and unambiguous. *Lincoln County Fiscal Court v. Department of Public Advocacy, Commonwealth of Kentucky,* Ky., 794 S.W.2d 162 (1990). It is of no importance *when* Lisa Morrow became Newby's relative, it is only important under the statute that she *is* his relative.

This may be a harsh result for Mr. Newby and those who are similarly situated; however it is not within this Court's power to create an ambiguity where none exists.

For the foregoing reasons, the Court of Appeals is affirmed.

All concur.

---

1. KRS 161.740(1)(b) mandates that a teacher is eligible for "continuing service status" after teaching four (4) consecutive years. Without that status, a teacher is re-hired on a yearly basis pursuant to KRS 161.730.